1

2

3

4

5

6

7

8                          IN THE UNITED STATES DISTRICT COURT

9                       FOR THE EASTERN DISTRICT OF CALIFORNIA

10    FIDEL PADILLA,

11              Plaintiff,                    No. CIV S-10-0239 FCD EFB P

12         vs.

13    ROOTER, et al.,

14              Defendants.                   ORDER

15    _____/

16         Fidel Padilla, a state prisoner, filed this pro se civil rights action under 42 U.S.C. § 1983.

17    Plaintiff's complaint concerns events alleged to have occurred while he was housed at Deuel

18    Vocational Institute.  In addition to filing a complaint, plaintiff has filed an application to

19    proceed in forma pauperis.  This proceeding was referred to this court by Local Rule 302

20    pursuant to 28 U.S.C. § 636(b)(1).

21    **I.      Request to Proceed In Forma Pauperis**

22         Plaintiff has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

23    Dckt. No. 11.  Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and

24    (2).  Accordingly, by separate order, the court directs the agency having custody of plaintiff to

25    collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C.

26    § 1915(b)(1) and (2).

**II.     Screening Order**

Pursuant to 28 U.S.C. § 1915A, the court shall review "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

The court has reviewed plaintiff's complaint and, for the limited purposes of § 1915A screening, finds that it states cognizable First Amendment claims against defendants Perez, Rooter, Sixtos, Aguilar, Montano, and Garrete for interfering with plaintiff's outgoing mail. The remaining allegations in the complaint do not state a cognizable claims and will therefore be dismissed with leave to amend.

A district court must construe a pro se pleading "liberally" to determine if it states a claim and, prior to dismissal, tell a plaintiff of deficiencies in his complaint and give plaintiff an opportunity to cure them. *See Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000). While detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Id.* (citations and quotation marks omitted). Although legal conclusions can provide the framework of a complaint, they must be supported by factual allegations, and are not entitled to

1  the assumption of truth.  *Id.* at 1950.

2       To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:

3  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that

4  the alleged violation was committed by a person acting under the color of state law.  *West v.*

5  *Atkins*, 487 U.S. 42, 48 (1988).  An individual defendant is not liable on a civil rights claim

6  unless the facts establish the defendant's personal involvement in the constitutional deprivation

7  or a causal connection between the defendant's wrongful conduct and the alleged constitutional

8  deprivation.  *See Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989); *Johnson v. Duffy*, 588 F.2d

9  740, 743-44 (9th Cir. 1978).

10     **A.  Claim One**

11       Plaintiff alleges that he sent many letters and one habeas petition to different law

12  agencies and courts, but did not receive any responses.  According to plaintiff, defendants Perez,

13  Rooter, Sixtos, Aguilar, Montano, and Garrete told plaintiff that they threw away his legal mail

14  so that he would not have access to the courts.  Plaintiff alleges that he informed defendant Lt.

15  Fox about this, but that he did not do anything.  Plaintiff also alleges that defendant Adolfson

16  denied plaintiff use of the law library.

17       In *Lewis v. Casey*, 518 U.S. 343 (1996), the United States Supreme Court held that prison

18  inmates have a constitutionally protected right to access the courts to bring civil rights actions to

19  challenge their conditions of confinement and to bring challenges to their criminal convictions.

20  518 U.S. at 351, 354-55.  The right is limited to direct criminal appeals, habeas petitions, and

21  civil rights actions.  *Id.* at 354-55.  To state a claim he was denied access to the courts, plaintiff

22  must allege that the deprivation actually injured his litigation efforts, in that defendants hindered

23  his efforts to bring, or caused him to lose, an actionable claim of this type.  *See id.* at 351.

24  Plaintiff has failed to provide factual allegations demonstrating such a deprivation.  Accordingly,

25  these claims are dismissed.

26  ////

1    Prisoners enjoy a First Amendment right to send and receive mail.  *See Witherow v. Paff*,

2  52 F.3d 264, 265 (9th Cir. 1995) (citing *Thornburgh v. Abbott*, 490 U.S. 401, 407 (1989)).

3  Liberally construed, the allegations against defendants Perez, Rooter, Sixtos, Aguilar, Montano,

4  and Garrete appear to state a claim for relief under § 1983 for a violation of plaintiff's First

5  Amendment rights for their allegedly wrongful interference with his outgoing mail.  However,

6  plaintiff's allegations against Lt. Fox are insufficient to state a cognizable claim for relief,  as a

7  supervisor may be liable "for constitutional violations of his subordinates if the supervisor

8  participated in or directed the violations, or knew of the violations and failed to act to prevent

9  them."  *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).  Here, plaintiff alleges that he

10  informed Lt. Fox that his mail had been confiscated, but plaintiff does not allege facts indicating

11  that Fox participated in, or knew of and failed to prevent, the alleged wrongs.  Claims against

12  Fox are therefore dismissed.

13    **B.  Claim Two**

14    Plaintiff alleges that unnamed correctional officers broke into his house, planted

15  evidence, falsely arrested him, lied to the police, and stalked and harassed him.  Plaintiff claims

16  to be falsely imprisoned and that he has asked for help as result.  Plaintiff claims that after he

17  "tried going to court . . . they started retaliating" by sending plaintiff a "radio full of gay sexual

18  harassment," taking his food, throwing away his mail, defecating in his cell, harassing him,

19  reading his legal mail, and denying him use of the law library.  Plaintiff then lists defendants

20  Gubak, Ramirez, Perez, Mirna, Sixtos, Amo, Garrette, Montano, Puzon, Rooter, and Aguilar,

21  and states that they "were all retaliating from October 5, 2009 to December 30, 2009."

22    To prove retaliation, plaintiff must show that a state actor took some adverse action

23  against him because of his protected conduct, and that such action chilled the inmate's exercise

24  of his First Amendment rights and did not reasonably advance a legitimate penological purpose.

25  *See Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005); *Barnett v. Centoni*, 31 F.3d 813,

26  815-16 (9th Cir. 1994) (per curiam).

1    Plaintiff must show that the type of activity he was engaged in was protected by the First

2    Amendment and that the protected conduct was a substantial or motivating factor for the alleged

3    retaliatory acts.  *See Mt. Healthy City Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977); *Rhodes*,

4    408 F.3d at 567-68.  Retaliation is not established simply by showing adverse activity by

5    defendant after protected speech; rather, plaintiff must show a nexus between the two.  *See*

6    *Huskey v. City of San Jose*, 204 F.3d 893, 899 (9th Cir. 2000).

7    Plaintiff's retaliation claims must be dismissed because he has not alleged sufficient facts

8    that would suggest he was engaged in protected conduct, as plaintiff does not explain what he

9    means when he "asked for help" or "tried going to court."  Nor has plaintiff shown that there

10   exists a nexus between any First Amendment activities and the complained-of actions of

11   defendants Gubak, Ramirez, Perez, Mirna, Sixtos, Amo, Garrette, Montano, Puzon, Rooter, and

12   Aguilar.  Here, plaintiff only speculates that a retaliatory motive drove their alleged behavior,

13   but he does not explain whether or how defendants had any knowledge of any of plaintiff's First

14   Amendment activities, if any.  Plaintiff's threadbare and conclusory assertion that defendants

15   retaliated against him does not suffice to state a plausible First Amendment retaliation claim

16   against them.  *See Iqbal*, 129 S. Ct. at 1937.

17   To state a claim that the conditions of imprisonment violate the Eighth Amendment

18   prohibition on cruel and unusual punishment, plaintiff must allege a specific individual was

19   deliberately indifferent to some basic human need such as food, clothing, shelter, medical care or

20   safety.  *See Wilson v. Seiter*, 501 U.S. 294, 303-04 (1991); *Rhodes v. Chapman*, 452 U.S. 337,

21   347 (1981).  A prison official is deliberately indifferent when he knows of and disregards a risk

22   of injury or harm that "is not one that today's society chooses to tolerate."  *See Helling v.*

23   *McKinney*, 509 U.S. 25, 36 (1993); *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

24   Plaintiff has lumped various actions together and attributed them to a group of

25   defendants.  While plaintiff's allegations might suggest that his conditions of confinement

26   violated the Eighth Amendment, he has not alleged in specific terms how each named defendant

1    was involved.  Plaintiff must establish some affirmative link or connection between each

2    defendant's actions and the claimed deprivation.  Vague and conclusory allegations of

3    participation in civil rights violations are not sufficient.  Accordingly, any Eighth Amendment

4    conditions of confinement claims are dismissed.

5        **C. Claim Three**

6        Plaintiff alleges he injured his foot and ankle while running in place.  He claims the nurse

7    put ice on it, gave plaintiff pain killers, and also gave plaintiff a pass to go the doctor in the

8    morning.  Plaintiff claims he showed the pass to defendant Amo at 7:00 a.m. and he just laughed.

9    Plaintiff alleged he had to call the sergeant to be taken to the clinic, as his appointment was for

10   8:00 a.m., but that he did not get to the clinic until 1:00 p.m.  Plaintiff alleges further that his foot

11   was x-rayed with his shoe still on and that he was told by an unknown correctional officer that he

12   did not need to see a doctor.  Plaintiff claims that his foot still hurts, and he has not seen a doctor.

13       To state a claim defendants provided constitutionally inadequate medical care, plaintiff

14   must allege acts or omissions evidencing identified defendants knew of and disregarded

15   plaintiff's serious medical needs.  *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Farmer*, 511 U.S.

16   at 835-37.  Plaintiff's allegations that defendant Amo laughed when plaintiff showed him, at

17   7:00 AM, his pass for an 8:00 AM appointment, do not show that Amo was deliberately

18   indifferent to plaintiff's serious medical needs.  Nor does plaintiff's allegation that an unknown

19   correctional officer told plaintiff he did not need to see a doctor establish deliberate indifference.

20   The court also notes that neither defendant's negligence nor plaintiff's general disagreement with

21   the treatment he received suffices to state a claim.  *Estelle*, 429 U.S. at 106; *Hutchinson v.*

22   *United States*,  838 F.2d 390, 394 (9th Cir. 1988); *Jackson v. McIntosh*, 90 F.3d 330, 331 (9th

23   Cir. 1996).  Accordingly, any Eighth Amendment claims based on deliberate indifference to

24   medical needs are dismissed.

25   ////

26   ////

**III.     Leave to Amend**

Plaintiff may proceed forthwith to serve defendants Perez, Rooter, Sixtos, Aguilar, Montano, and Garrete based on their alleged interference with plaintiff's outgoing mail and pursue these claims only, or he may delay serving any defendant and attempt to cure the deficiencies identified herein as to the remaining allegations in the complaint

If plaintiff elects to attempt to amend his complaint to cure the deficiencies identified herein, he has 30 days so to do.  He is not obligated to amend his complaint.  However, if plaintiff elects to proceed forthwith against defendants Perez, Rooter, Sixtos, Aguilar, Montano, and Garrete based on their alleged interference with plaintiff's outgoing mail, then within 30 days he must return materials for service of process enclosed herewith.  In this event the court will construe plaintiff's election as consent to dismissal of all remaining claims without prejudice.

Any amended complaint must adhere to the following requirements:

It must be complete in itself without reference to any prior pleading.  E.D. Cal. Local Rule 220; *see Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading is superseded.

It must show that the federal court has jurisdiction and that plaintiff's action is brought in the right place, that plaintiff is entitled to relief if plaintiff's allegations are true, and must contain a request for particular relief.  Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. *Johnson*, 588 F.2d at 743 (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

It must contain a caption including the name of the court and the names of all parties. Fed. R. Civ. P. 10(a).

////

1    Plaintiff may join multiple claims if they are all against a single defendant.  Fed. R. Civ.

2    P. 18(a).  If plaintiff has more than one claim based upon separate transactions or occurrences,

3    the claims must be set forth in separate paragraphs.  Fed. R. Civ. P. 10(b).  Plaintiff may join

4    multiple claims if they are all against a single defendant.  Fed. R. Civ. P. 18(a).  Unrelated claims

5    against different defendants must be pursued in multiple lawsuits.  "The controlling principle

6    appears in Fed. R. Civ. P. 18(a): 'A party asserting a claim . . . may join, [] as independent or as

7    alternate claims, as many claims . . . as the party has against an opposing party.'  Thus multiple

8    claims against a single party are fine, but Claim A against Defendant 1 should not be joined with

9    unrelated Claim B against Defendant 2.  Unrelated claims against different defendants belong in

10   different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit

11   produce[s], but also to ensure that prisoners pay the required filing fees-for the Prison Litigation

12   Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file

13   without prepayment of the required fees.  28 U.S.C. § 1915(g)."  *George v. Smith*, 507 F.3d 605,

14   607 (7th Cir. 2007); *see also* Fed. R. Civ. P. 20(a)(2) (joinder of defendants not permitted unless

15   both commonality and same transaction requirements are satisfied).  Plaintiff may not change the

16   nature of this suit by alleging new, unrelated claims in an amended complaint. *George*, 507 F.3d

17   at 607 (no "buckshot" complaints).

18    The allegations must be short and plain, simple and direct and describe the relief plaintiff

19   seeks.  Fed. R. Civ. P. 8(a); *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002); *Galbraith v.*

20   *County of Santa Clara*, 307 F.3d 1119, 1125 (9th Cir. 2002).  A long, rambling pleading,

21   including many defendants with unexplained, tenuous or implausible connection to the alleged

22   constitutional injury or joining a series of unrelated claims against many defendants very likely

23   will result in delaying the review required by 28 U.S.C. § 1915 and an order dismissing

24   plaintiff's action pursuant to Rule 41 of the Federal Rules of Civil Procedure for violation of

25   these instructions.

26   ////

8

Plaintiff must sign the complaint.  Fed. R. Civ. P. 11(a).  By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and has evidentiary support for his allegations and that for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others.  Fed. R. Civ. P. 11.

A prisoner may bring no § 1983 action until he has exhausted such administrative remedies as are available to him.  42 U.S.C. § 1997e(a).  The requirement is mandatory.  *Booth v. Churner*, 532 U.S. 731, 741 (2001).  By signing an amended complaint plaintiff certifies his claims are warranted by existing law, including the law that he exhaust administrative remedies, and that for violation of this rule plaintiff risks dismissal of his entire action, including his First Amendment claims against defendants Perez, Rooter, Sixtos, Aguilar, Montano, and Garrete.

Accordingly, the court hereby orders that:

1.  Plaintiff's request to proceed in forma pauperis is granted.

2.  Plaintiff is must pay the statutory filing fee of $350 for this action.  All payments shall be collected and paid in accordance with the notice to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3.  Plaintiff's supervisorial liability, access to the courts, retaliation, conditions of confinement and medical care claims, are dismissed with leave to amend.  Within 30 days of service of this order, plaintiff may amend his complaint to attempt to cure the deficiencies identified herein and state cognizable claims.  Plaintiff is not obligated to amend his complaint.

4.  The allegations in the pleading are sufficient at least to state cognizable First Amendment claims against defendants Perez, Rooter, Sixtos, Aguilar, Montano, and Garrete for their alleged interference with plaintiff's outgoing mail.  *See* 28 U.S.C. § 1915A.  With this order the Clerk of the Court shall provide to plaintiff a blank summons, a copy of the amended complaint filed February 16, 2010, six USM-285 forms and instructions for service of process on defendants Perez, Rooter, Sixtos, Aguilar, Montano, and Garrete.  Within 30 days of service of this order plaintiff may return the attached Notice of Submission of Documents with the

9

completed summons, the completed USM-285 forms, and seven copies of the February 16, 2010

amended complaint.  The court will transmit them to the United States Marshal for service of

process pursuant to Rule 4 of the Federal Rules of Civil Procedure.  Defendants Perez, Rooter,

Sixtos, Aguilar, Montano, and Garrete will be required to respond to plaintiff's allegations

within the deadlines stated in Rule 12(a)(1) of the Federal Rules of Civil Procedure.  In this

event, the court will construe plaintiff's election to proceed forthwith as consent to an order

dismissing his defective claims as identified herein, without prejudice.

    5.  Failure to comply with this order will result in a recommendation that this action be

dismissed.

Dated:  July 20, 2010.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FIDEL PADILLA,

               Plaintiff,                No. CIV S-10-0239 FCD EFB P

    vs.

ROOTER, et al.,

            Defendants.          <u>NOTICE OF SUBMISSION OF DOCUMENTS</u>

_____/

       In accordance with the court's order filed _____, plaintiff hereby

elects to:

       (1)  _____   consent to the dismissal of the supervisor liability, access to the courts,

retaliation, conditions of confinement and medical care claims, without prejudice, and submits

the following documents:

            <u>  1  </u>       completed summons form

            <u>  6  </u>       completed forms USM-285

            <u>  7  </u>       copies of the February 16, 2010 Amended Complaint

       <u>**OR**</u>

       (2)  _____   delay serving any defendant and files a second amended complaint in an

attempt to state additional cognizable claims by curing the deficiencies identified by the court.

Dated:

                                         _____
                                                Plaintiff